Opinion by
Hurt, J.
§ 124. Evidence; must be objected to in trial court. A claim verified by affidavit as an account under article 2266, Revised Statutes, but which claim was not an account within the meaning’ of that article, was read in evidence, without objection, on the trial. Held, that,, although it was incompetent evidence, objection to it cannot be entertained in this court, it not having been objected to in the court below.
§ 125. Cotton factor; contract by agent of; rules in relation to sales by; liability of. / Porter was a cotton factor in Houston. ) Walker, his drummer and agent for soliciting cotton, contracted with Heath that,, if Heath would ship his cotton to Porter, he, Porter, would advance $45 per bale thereon, and would hold the cotton until Heath ordered it sold. \ Under this contract, Heath shipped his cotton to Porter, and received the advance *115 upon it. Portei- sold the cotton without any order to do go from Heath, and for less than the same grade of cotton sold for that season. This suit was brought by Porter against Heath upon an account for goods and money advanced. Heath pleaded in reconvention for damages sustained by reason of the sale of his cotton without his orders. Heath recovered judgment. Held, 1. Walker, under his general powers as agent of Porter, had authority to bind Porter by the contract made with Heath. 2. Custom and usage will not control the express stipulations of a contract. Heath was entitled to recover the highest price that cotton sold for that season, at any time after Porter sold the cotton. 4. Porter was not entitled to storage for the cotton, nor to interest on the money he advanced upon it. When the contract is that the goods are not to be sold until ordered by the consignor, the factor cannot sell without orders, and if he sells without being ordered, at a loss, he is liable to an action for breach of contract.' If he has made advances on the goods, he has no right to sell without- notice to the consignor, and calling on him for reimbursement of such advances, and the existence of a usage to sell to pay advances, will not control an express contract to not sell until orders received from the consignor. Porter should have notified Heath that he intended to sell the cotton. Notifying Heath that he had overdrawn on the cotton, and requesting him to refund the amount overdrawn, was not sufficient notice of intention to sell. [Parker v. Patterson, 15 Penn. St. 229; Bell v. Palmer, 6 Conn. 128.]
March 12, 1884.
Affirmed.